Andrew V. Tenzer, Esq.
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
andrewtenzer@paulhastings.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :
In re:                                      :    Chapter 15
                                            :
Atlantic Carbon Group, Plc,                 :    Case No. 19-[_____] ([____])
                                            :
            Debtor in a Foreign Proceeding. :
                                            :
------------------------------------------------------------x
```

**DECLARATION OF ALASTAIR PAUL BEVERIDGE IN SUPPORT OF (A) VERIFIED
PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO
CHAPTER 15 OF THE BANKRUPTCY CODE AND APPLICATION FOR RELATED
RELIEF AND (B) *EX PARTE* MOTION FOR ORDER (I) SCHEDULING (ON
SHORTENED NOTICE) HEARING TO CONSIDER PETITION FOR
RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) APPROVING
RELATED FORM OF NOTICE, AND (III) GRANTING RELATED RELIEF**

I, Alastair Paul Beveridge, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury as follows:

1.      I am a managing director at AlixPartners Services UK LLP ("AlixPartners UK").

I hold a Bachelor of Engineering in mining and petroleum engineering from Strathclyde

University, and have significant experience with complex financial restructuring. I am a licensed

insolvency practitioner, a Certified Management Consultant, a fellow of the Institute of

Chartered Accountants in England and Wales, and president of INSOL Europe.

2.      Along with Clare Laura Kennedy and Simon Jonathan Appell, I am one of the

joint administrators (the "Joint Administrators") in the administration (the "UK Administration")

of Atlantic Carbon Group, Plc (the "Debtor") currently pending before the Chancery Division,

Business & Property Courts Part, of the High Court of Justice of England and Wales (the

"English Court").  I and the other Joint Administrators were invited to serve as administrators of

the Debtor by White Oak Global Advisors LLC, in its capacity as Administrative Agent ("White

Oak") under a debenture dated May 27, 2016 between the Debtor and White Oak.

3.        On July 22, 2019, the English Court endorsed the *Notice of appointment of an*

*administrator by holder of qualifying floating charge*, commencing the UK Administration.  A

copy of the endorsed notice is attached as **Exhibit 1** hereto.  Since then, I have been appointed as

the foreign representative for the purpose of commencing and prosecuting this chapter 15 case

(the "Foreign Representative").  A copy of the notification of the appointment of the foreign

representative is attached as **Exhibit 2** hereto.

4.        I submit this declaration (the "Declaration") in support of (i) the *Verified Petition*

*for Recognition of Foreign Main Proceeding Pursuant to Chapter 15 of the Bankruptcy Code*

*and Application for Related Relief* (the "Verified Petition") and (ii) the *Ex Parte Motion for*

*Order (I) Scheduling (on Shortened Notice) Hearing to Consider Petition for Recognition of*

*Foreign Main Proceeding, ((I) Approving Related Form of Notice, and (III) Granting Related*

*Relief* (the "Recognition Hearing Motion"), each filed concurrently herewith.

5.        In my capacity as one of the Joint Administrators of the Debtor, I, either directly,

or through the other Joint Administrators or through members of my staff working under my

supervision and control, am familiar with the Debtor's history, operations, assets, financial

condition, business affairs, and books and records.  Except as otherwise indicated, all facts set

forth in this Declaration are based upon my personal knowledge, information and analysis

prepared for me by staff working for the Joint Administrators on the UK Administration,

information supplied to me or verified by members of the Debtor's management or professionals

retained by the Debtor both prior to and since my appointment, my review of relevant

documents, and/or my opinion based upon my experience and knowledge of the Debtor's

operations and financial condition.

6.      I am an individual over the age of eighteen and, if called upon, could testify to all

matters set forth in this Declaration.

## BACKGROUND

**I.      Debtor's Business, Corporate Structure, and Existing Debt**

7.      The Debtor is a United Kingdom based holding company with no U.S. operations.

The Debtor's wholly owned subsidiary Atlantic Carbon Group, Inc. ("ACG") is a Delaware-

based anthracite mining and processing company and the largest anthracite miner in the United

States.  A chart showing the Debtor's corporate structure is attached as **Exhibit 3** hereto.

8.      ACG's operational headquarters is located at Stockton Mine in Hazelton,

Pennsylvania, and its focus of operations is on the North East Pennsylvanian Anthracite

Coalfield, where ACG operates the Stockton, Hazelton Shaft, Jeansville, and Spring Mountain

Mines, together with three anthracite processing plants.  In addition, the Debtor (through its U.S.

subsidiaries) has interests in two other mine properties in the area: Beaver Brook, which is

currently unworked but has substantial proven preserves, and Sandy Run, which is worked by a

contractor to supply anthracite silt to the Hazelton Shaft processing plant.

9.      The Debtor is a party to that certain Loan and Security Agreement (the

"Prepetition Agreement") dated as of May 27, 2016 as and among (i) ACG[1] and the other

---

[1]    At the time of the execution of the Prepetition Agreement, ACG was known as Coal Contractors (1991), Inc.

borrowers thereto, as Borrowers, (ii) the Debtor, as Guarantor,[2] (iii) the lenders party thereto (the "Prepetition Secured Lenders"), and (iv) White Oak, as lender and as administrative agent (the "Agent").

10.    Pursuant to the Prepetition Agreement, the Prepetition Secured Lenders advanced term loans of $21 million.  In addition to the initial term loans, the parties entered into no less than eight amendments to the Prepetition Agreement, pursuant to which (among other things) the Prepetition Secured Lenders advanced no less than an additional $18.4 million.  As of the Petition Date, the Debtor, as Guarantor, owed the Prepetition Secured Lenders $46,217,219, inclusive of fees, penalties, and interest (such amount, together with all other outstanding amounts due under the Prepetition Agreement, including interest, fees, premiums, and expenses, the "Prepetition Secured Indebtedness").

11.    Pursuant to the Prepetition Agreement, the Prepetition Secured Indebtedness is secured by a perfected security interest in essentially all of the assets of each Loan Party (as defined in the Prepetition Agreement), including the Debtor, other than certain Excluded Property (as defined in the Prepetition Agreement).

12.    The borrowers are in default of multiple terms of the Prepetition Agreement, and on July 19, 2019, the Debtor received a notice from the Agent that the Prepetition Secured Lenders were accelerating, and demanding payment on the Debtor's guaranty of, the Prepetition Secured Indebtedness.

13.    On July 21, 2019 the Debtor's board of directors determined to invite the Agent to appoint Clare Laura Kennedy, Simon Jonathan Appell, and Alastair Paul Beveridge to act as administrators to the Debtor (the "Joint Administrators"), and on July 22, 2019 the required

---

[2]    The Debtor's non-operating subsidiaries Newcastle Anthracite Company (a Delaware corporation), The Central Pennsylvania Anthracite Company, LLC (a Pennsylvania limited liability company), and Atlantic Trucking LLC (a Pennsylvania limited liability company) are also guarantors under the Prepetition Agreement.

notice of the appointment of the Joint Administrators was filed with and endorsed by the English

Court, commencing the UK Administration.

14.    I have been advised by counsel as to the definition of "foreign proceeding" under

section 101(23) of the Bankruptcy Code.  To the best of my knowledge, I am not aware of any

other "foreign proceeding" within the meaning of this section with respect to the Debtor.

## II.    Prepetition Litigation

15.    On March 1, 2019, Mid-Continent Coal and Coke Company ("Mid-Continent")

filed a complaint in the Northern District of Ohio, naming the Debtor and its subsidiary Hazelton

Shaft Corporation as defendants (the "Mid-Continent Litigation").[3]  In its complaint, Mid-

Continent alleges that the Debtor breached a contract to provide Mid-Continent 100,000 tons of

coal in the calendar year 2018, and seeks damages in excess of $900,000.  Discovery in the Mid-

Continent Litigation is currently scheduled to commence on August 30, 2019.

## III.    Center of Main Interests of the Debtor

16.    The center of main interests, or COMI, for the Debtor is in the United Kingdom.

The Debtor is organized under English law and has its registered office in London.  Additionally,

I and the other Joint Administrators, as well as AlixPartners UK, are located in London.  Board

meetings are held in London, and the Debtor's decisions, both long-range and day-to-day (both

prior to and after the commencement of the UK Administration) are almost exclusively made in

London.  Finally, the Debtor's accounting function, as well as its corporate books and records,

are located in London.

## IV.    Relief Requested

17.    Concurrently herewith, I, in my capacity as Foreign Representative, have caused

---

[3]    The Mid-Continent Litigation is docketed as Case No. 19-cv-465 (CAB) in the United States District Court for the Northern District of Ohio.

the filing of the (i) Verified Petition and the Ch. 15 Petition (as defined in the Verified Petition) and (ii) the Recognition Hearing Motion. The Verified Petition seeks entry of an order granting certain relief, including the recognition of the UK Administration as a foreign main proceeding, recognition of the Joint Administrators as foreign representatives on a final basis, and the application of the automatic stay of section 362 of the Bankruptcy Code to the Debtor's assets located in the United States.

18.    I believe that the relief requested in the Verified Petition is necessary to ensure the protection of the Debtor's assets and interests located in the United States and will aid in the effective reorganization of the Debtor as contemplated by the UK Administration, to the benefit of all creditors.

19.    The Recognition Hearing Motion seeks entry of an order scheduling a hearing on an expedited basis of the relief requested in the Verified Petition (the "Recognition Hearing") and seeking approval of the form and manner of notice of the filing of the Verified Petition and the commencement of the Debtor's chapter 15 case. Specifically, the Recognition Hearing Motion seeks to have the Recognition Hearing completed before the commencement of discovery in the Mid-Continent Litigation.

20.    I believe that the relief requested in the Recognition Hearing Motion is in the best interests of all parties, as it will enable the Debtor to focus on its reorganization without inefficient and costly distractions while providing all parties in interest due and sufficient notice of the Verified Petition and the relief requested therein.

*[Remainder of page left intentionally blank.]*

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge, information, and belief.


Dated:    August 14, 2019
             London, England                    */s/ Alastair Paul Beveridge*
                                                        Alastair Paul Beveridge
                                                        Foreign Representative of the Debtor

**EXHIBIT 1**

22 Jul 2019

Rule 3.17, IR 2016
Paragraph 18, Schedule B1

# Notice of appointment of an administrator by holder of qualifying floating charge

CR-2019-004854

| Name of Company | Company number |
|---|---|
| Atlantic Carbon Group Plc | 05315929 |

| In the High Court of Justice Business and Property Courts of England and Wales Insolvency and Companies List (ChD) | *For court use only* Court case number |
|---|---|

This notice of appointment is given in accordance with the requirements of rule 3.17 of the Insolvency (England and Wales) Rules 2016) (IR 2016) and paragraph 18 of Schedule B1 to the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986.) References in this notice of appointment to rules and sections are, unless expressly provided otherwise, respectively references to rules of the IR 2016, and to sections of the IA 1986.

**1.** White Oak Global Advisors LLC, a Delaware limited liability company of 3 Embarcadero Center, Suite 550, San Francisco, CA 94111 as Administrative Agent for the secured parties (the appointer) has appointed the following named persons as administrators of the company:

Alastair Paul Beveridge, Simon Jonathan Appell and Clare Laura Kennedy of AlixPartners Services UK LLP of 6 New Street Square, London, EC4A 3BF and notice that this appointment has been made is hereby given.

**2.** A copy of each of the administrator's consent to act accompanies this notice.

**3.** The appointer is the holder of a qualifying floating charge that is now enforceable. The qualifying floating charge was dated 27 May 2016 and registered on 1 June 2016 and the charge is not limited to a maximum amount.

**4.** There is no prior floating charge which satisfies paragraph 14(2) of Schedule B1.

**5.** The company is not, at the date of this notice, the subject of insolvency proceedings.

**6.** The company is not an Article 1.2 undertaking (as defined in rule 1.2).

**7.** The proceedings flowing from the appointment will be main and the reasons for so stating are as follows:

the company's registered office and principal place of business is located within England and Wales and there is no evidence to rebut the presumption that its centre of main interests is within the United Kingdom.

**8.** This appointment is in accordance with Schedule B1.

**9.** For the purposes of paragraph 100(2) of Schedule B1 the administrators may exercise any of the powers conferred on them by the IA 1986 jointly or individually.

**10.** I    *Barbara J. S. McKee*

do solemnly and sincerely declare that the information provided in this notice is, to the best of my knowledge and belief, true,

AND I make this solemn declaration conscientiously believing the same to be true and by virtue of the provisions of the Statutory Declarations Act 1835.

Declared at _3 Embarcadero Center, San Francisco,_

Signed _____ _California 94111,_

This _19th_ day of July 2019 , _10:30 a.m._ _U.S.A._

before me _Cheryl Meril, notary Public_

A Commissioner for Oaths or Notary Public or Justice of the Peace or solicitor or duly authorised officer.

| Endorsement to be completed by the court |
|---|
| This notice and the attached documents were filed |
| on the 22 July 2019 at 10.19 hours |

CHERYL MERIL
Commission No. 2164310
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm Expires OCTOBER 3, 2020

# Proposed administrator's statement and consent to act

| Name of Company | Company registered number |
|---|---|
| Atlantic Carbon Group Plc | 05315929 |

| In the High Court of Justice<br>Business and Property Courts of England and Wales<br>Insolvency and Companies List (ChD) | *For court use only*<br>Court case number |
|---|---|

This statement and consent to act is made in accordance with the requirements of rule 3.2 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and Schedule B1 of the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986). References in this statement to rules are, unless expressly provided otherwise, references to rules of the IR 2016.

1. I Alastair Paul Beveridge, one of the proposed administrators, certify that I am qualified to act as an insolvency practitioner in relation to the company. My insolvency practitioner number is as follows:

8991

The recognised professional body which is the source of my authorisation to act as an insolvency practitioner in relation to the company is as follows:

Insolvency Practitioners Association – IPA

2. I consent to act as administrator of the company.

3. I have not had a prior professional relationship with the company.

4. The proposed appointment is to be made by White Oak Global Advisors LLC, as Administrative Agent for the secured parties under the debenture between Atlantic Carbon Group Plc and White Oak Global Advisors LLC dated 27 May 2016.

5. I am of the opinion that the purpose of administration is reasonably likely to be achieved in this particular case.

Authenticated and dated by the proposed administrator

Dated:
22/07/19

# Proposed administrator's statement and consent to act

| Name of Company | Company registered number |
|---|---|
| Atlantic Carbon Group Plc | 05315929 |

| In the High Court of Justice<br>Business and Property Courts of England and Wales<br>Insolvency and Companies List (ChD) | *For court use only*<br>Court case number |
|---|---|

This statement and consent to act is made in accordance with the requirements of rule 3.2 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and Schedule B1 of the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986). References in this statement to rules are, unless expressly provided otherwise, references to rules of the IR 2016.

**1.** I Clare Laura Kennedy, one of the proposed administrators, certify that I am qualified to act as an Insolvency practitioner in relation to the company. My insolvency practitioner number is as follows:

20590

The recognised professional body which is the source of my authorisation to act as an insolvency practitioner in relation to the company is as follows:

Insolvency Practitioners Association – IPA

**2.** I consent to act as administrator of the company.

**3.** I have not had a prior professional relationship with the company.

**4.** The proposed appointment is to be made by White Oak Global Advisors LLC, as Administrative Agent for the secured parties under the debenture between Atlantic Carbon Group Plc and White Oak Global Advisors LLC dated 27 May 2016.

**5.** I am of the opinion that the purpose of administration is reasonably likely to be achieved in this particular case.

Authenticated and dated by the proposed administrator

Dated:  22/07/19

# Proposed administrator's statement and consent to act

| Name of Company | Company registered number |
|---|---|
| Atlantic Carbon Group Plc | 05315929 |

| In the High Court of Justice | *For court use only* |
| Business and Property Courts of England and Wales | Court case number |
| Insolvency and Companies List (ChD) | |

This statement and consent to act is made in accordance with the requirements of rule 3.2 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and Schedule B1 of the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986). References in this statement to rules are, unless expressly provided otherwise, references to rules of the IR 2016.

1. I Simon Jonathan Appell, one of the proposed administrators, certify that I am qualified to act as an insolvency practitioner in relation to the company. My insolvency practitioner number is as follows:

9305

The recognised professional body which is the source of my authorisation to act as an insolvency practitioner in relation to the company is as follows:

Insolvency Practitioners Association – IPA

2. I consent to act as administrator of the company.

3. I have not had a prior professional relationship with the company.

4. The proposed appointment is to be made by White Oak Global Advisors LLC, as Administrative Agent for the secured parties under the debenture between Atlantic Carbon Group Plc and White Oak Global Advisors LLC dated 27 May 2016.

5. I am of the opinion that the purpose of administration is reasonably likely to be achieved in this particular case.

Authenticated and dated by the proposed administrator

Dated:    *22/07/19*

**ATLANTIC CARBON GROUP PLC (05315929) (the "Company")**

Minutes of a meeting of the board of directors of the above named Company
held on 21 July 2019 by telephone at 1:00pm UK time.
_____

| | |
|---|---|
| **Present:** | Peter Chinneck |
| | George Roskos |
| | Seth Schwartz |
| **In attendance:** | Dave McCarthy |
| | Ian Fox, Dentons UK & Middle East LLP |

**1      Chairman and quorum**

Seth Schwartz took the chair for the purposes of the meeting.  A quorum being present, the Chairman declared the meeting open.

**2      Purpose of the meeting**

The purpose was to determine whether it would be appropriate for the Company to invite White Oak Global Advisors LLC, in its capacity as Administrative Agent (**White Oak**) under a debenture dated 27 May 2016 between the Company and White Oak, to appoint administrators to the Company (the **Proposed Administration**).

**3      Declarations of interest**

Each of the directors declared that he or she had no interest, direct or indirect, in the Proposed Administration that he is required to disclose pursuant to section 177 of the Companies Act 2006.

**4      Default**

4.1      The directors noted that:

(a)      one or more Events of Default (as defined in the Loan and Security Agreement dated 27 May 2016 between, amongst others, Coal Contractors (1991) Inc and Luzerne Carbon Company LLC as Borrowers, the Company as Guarantor, the Lenders and White Oak (as amended from time to time) (the **Loan Agreement**)), had occurred and were continuing and/or had not been remedied;

(b)      on 19 July 2019 the Company had received a notice of acceleration of obligations and demand for payment on guaranty from White Oak under the Loan Agreement (the **Demand**);

(c)      in light of the Company's financial circumstances, the Company is unable to satisfy the Demand and accordingly is unable to meet its debts as they fall due.

**5      Invitation to appoint administrators**

5.1     It was recorded that, having regard to the terms of the debenture dated 27 May 2016 between the Company and White Oak (the **Debenture**), White Oak appeared to be the holder of a qualifying floating charge within the meaning of paragraph 14 of Schedule B1 to the Insolvency Act 1986 and, due to the Events of Default (as defined in the Loan Agreement) set out in the Demand, a debt was due to White Oak in accordance with the Demand and that the qualifying floating charge was enforceable by White Oak.

5.2     The directors considered the Company's financial circumstances and the interests of it and its creditors and a majority were of the opinion that administrators should be appointed to the Company as soon as possible. The directors considered their statutory duties and noted that given the current financial situation of the Company following the receipt of the Demand, their duties were to the company creditors as a whole. To this end, the directors noted that administration would likely be achieving a better result for the Company's creditors as a whole than if the Company were to be wound up or, that an administrator would likely be realising some of the assets of the company in order to make distributions to the secured and other preferential creditors.

5.3     The directors noted that to effect the appointment of administrators by themselves, a two-stage process would be required, whereby (1) a notice of intention to appoint administrators would be completed by the directors by way of a statutory declaration and then notified to White Oak, after which a period of up to five business days may elapse (unless White Oak consented to an earlier appointment) before (2) a notice of appointment of administrators could be completed by the directors by way of a further statutory declaration and filed at Court.

5.4     The directors further noted that White Oak was entitled to appoint administrators by completing a notice of appointment of administrators by way of a statutory declaration and filing the same at Court, without the requirement for any prior notice period or consent.

5.5     Accordingly, to avoid any delay to the appointment of administrators, the directors resolved that the Company should request White Oak to appoint immediately administrators pursuant to paragraph 14 of Schedule B1 to the Insolvency Act 1986 and the terms of the Debenture.

**6      Resolutions**

In view of the circumstances outlined by the Chairman above, IT WAS RESOLVED by a majority (Seth Schwartz and George Roskos voting in favour and Peter Chinneck against):

(a)     to invite White Oak to appoint immediately Clare Laura Kennedy, Simon Jonathan Appell and Alastair Paul Beveridge of AlixPartners Services UK LLP to act as joint administrators of the Company;

(b)     that administration of the Company would likely achieve the objectives set out in section 3(1)(b) or section 3(1)(c) of the Insolvency Act 1986 and would be in the best interests of the Company and its creditors as a whole for the Company to enter administration; and

(c)     that the Chairman be authorised to sign the minutes of the meeting and that any director has authority to sign all documents needed to give effect to the resolution in (a) above.

**7      Close**

There being no further business, the Chairman declared the meeting closed.

..............................

Chairman

**<u>EXHIBIT 2</u>**

**Notification from the Joint Administrators of Atlantic Carbon Group PLC (in Administration) (the "<u>Company</u>") of Appointment of Joint Foreign Representatives**

Date: August 14, 2019

1. On July 22, 2019, pursuant to the rights of the qualifying floating charge holder ("**QFCH**") enshrined in paragraph 14 of the Insolvency Act 1986 ("**IA 1986**") White Oak Global Advisors LLC ("**White Oak**"), in its capacity as Administrative Agent and QFCH under a debenture dated May 27, 2016 between the Company and White Oak appointed Clare Laura Kennedy, Simon Jonathan Appell and Alastair Paul Beveridge of AlixPartners Services UK LLP to act as joint administrators of the Company (the "**Joint Administrators**").  The notice of appointment of the Joint Administrators as endorsed by the Chancery Division, Business & Property Courts Part, of the High Court of Justice of England and Wales (the "**English Court**") on July 22, 2019 is attached in the Annex to this notification letter.

2. Pursuant to paragraph 3 of the IA 1986 the administrators must perform their functions to achieve the objective of the administration (the "**UK Administration**"), being to:

   a. rescue the company as a going concern, or

   b. achieve a better result for the company's creditors as a whole than would be likely if the company were wound up (without first being in administration); or

   c. realize property on order to make a distribution to one or more secured or preferential creditors.

3. In achieving the objectives of the UK Administration the Joint Administrators must act in the interests of the creditors of the Company as a whole and not unnecessarily harm their interests.  The objectives must be performed in the order set out above unless it is not reasonable practicable to achieve an objective, in which case the next objective in the order must be performed.

4. Pursuant to the IA 1986 the Joint Administrators take over management and control of the Company and have the power, on behalf of the Company, to do all things necessary or expedient for the management of its affairs, business and property, including the power to remove and appoint directors and to borrow money secured on the assets of the Company.  As such, the Joint Administrators are authorized to "administer the reorganization or the liquidation of the Debtor's assets or affairs" as required by section 101(24) under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**").

5. The Joint Administrators are both an agent of the Company and an officer of the court in exercising our functions.  During the UK Administration, the powers of the directors of the Company are suspended.

6. It is proposed that the Company will seek recognition (the "**Ch. 15 Filing**") under the Bankruptcy Code of the UK Administration to give full force and effect thereto and to

best implement the UK Administration.  The Company, directly or indirectly, has assets and operations in the United States, and expects that certain creditors impacted by its UK Administration may be based in the United States.

7.  In order to protect the Company's assets, interests, and operations in the United States and to help ensure enforcement in the United States and to give effect to the UK Administration in the United States, the Joint Administrators hereby:

    a.  appoints Alastair Paul Beveridge (or each of the other Joint Administrators, acting pursuant to his instructions or agreement) as its foreign representative to commence and prosecute the Chapter 15 Filing by him with the US Bankruptcy Court in the Southern District of New York (the "**Bankruptcy Court**");

    b.  Alastair Paul Beveridge (or each of the other Joint Administrators, acting pursuant to his instructions or agreement), as the Company's legal foreign representative, has specific powers to individually bind and represent the Company with respect to the UK Administration, including for the purposes of seeking any relief available to a foreign representative in the Ch. 15 Filing;

    c.  Alastair Paul Beveridge (or each of the other Joint Administrators, acting pursuant to his instructions or agreement) is authorized to act as the Company's agent in seeking any relief available to a foreign representative in the Ch. 15 Filing;

    d.  Alastair Paul Beveridge (or each of the other Joint Administrators, acting pursuant to his instructions or agreement) is authorized and empowered to execute and verify or certify a petition under Chapter 15 on behalf of, and in the name of, the Company and to cause the same to be filed in the Bankruptcy Court in such form or forms as the foreign representative may approve;

    e.  Alastair Paul Beveridge (or each of the other Joint Administrators, acting pursuant to his instructions or agreement) is authorized to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, declarations and other papers, and to take any and all further actions which Alastair Paul Beveridge or the Company's legal counsel may deem necessary, proper or desirable in connection with the Ch. 15 Filing, with a view to the successful resolution of such case;

    f.  any and all agreements, instruments and other documents whatsoever and any and all actions whatsoever, executed, delivered and/or taken by Alastair Paul Beveridge (or each of the other Joint Administrators, acting pursuant to his instructions or agreement) on behalf of the Company in connection with the subject matter of these resolutions be and are hereby approved, ratified and confirmed in all respects as the acts and deeds of the Company; and

    g.  to the extent permitted by law, all acts and things previously done and performed, or caused to be done and performed, for and on behalf of the Company prior to

the date of this notification letter in connection with the commencement and prosecution of the Ch. 15 Filing and appointment of Alastair Paul Beveridge (or each of the other Joint Administrators, acting pursuant to his instructions or agreement) are thereby ratified, confirmed and approved in all respects.

For and on behalf of Atlantic Carbon Group Plc (in administration)

*/s/ Alastair Paul Beveridge*
Alastair Paul Beveridge
Joint Administrator

**<ins>Annex</ins>**

**Endorsed Notice of Appointment of Joint Administrators**

22 Jul 2019

Rule 3.17, IR 2016
Paragraph 18, Schedule B1

# Notice of appointment of an administrator by holder of qualifying floating charge

CR-2019-004854

| Name of Company | Company number |
|---|---|
| Atlantic Carbon Group Plc | 05315929 |

| In the High Court of Justice<br>Business and Property Courts of England and Wales<br>Insolvency and Companies List (ChD) | For court use only<br>Court case number |
|---|---|

This notice of appointment is given in accordance with the requirements of rule 3.17 of the Insolvency (England and Wales) Rules 2016) (IR 2016) and paragraph 18 of Schedule B1 to the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986.) References in this notice of appointment to rules and sections are, unless expressly provided otherwise, respectively references to rules of the IR 2016, and to sections of the IA 1986.

1. White Oak Global Advisors LLC, a Delaware limited liability company of 3 Embarcadero Center, Suite 550, San Francisco, CA 94111 as Administrative Agent for the secured parties (the appointer) has appointed the following named persons as administrators of the company:

Alastair Paul Beveridge, Simon Jonathan Appell and Clare Laura Kennedy of AlixPartners Services UK LLP of 6 New Street Square, London, EC4A 3BF and notice that this appointment has been made is hereby given.

2. A copy of each of the administrator's consent to act accompanies this notice.

3. The appointer is the holder of a qualifying floating charge that is now enforceable. The qualifying floating charge was dated 27 May 2016 and registered on 1 June 2016 and the charge is not limited to a maximum amount.

4. There is no prior floating charge which satisfies paragraph 14(2) of Schedule B1.

5. The company is not, at the date of this notice, the subject of insolvency proceedings.

6. The company is not an Article 1.2 undertaking (as defined in rule 1.2).

7. The proceedings flowing from the appointment will be main and the reasons for so stating are as follows:

the company's registered office and principal place of business is located within England and Wales and there is no evidence to rebut the presumption that its centre of main interests is within the United Kingdom.

8. This appointment is in accordance with Schedule B1.

9. For the purposes of paragraph 100(2) of Schedule B1 the administrators may exercise any of the powers conferred on them by the IA 1986 jointly or individually.

10. I _Barbara J. S. McKee_

do solemnly and sincerely declare that the information provided in this notice is, to the best of my knowledge and belief, true,

AND I make this solemn declaration conscientiously believing the same to be true and by virtue of the provisions of the Statutory Declarations Act 1835.

Declared at *3 Embarcadero Center, San Francisco,*

Signed _____ *California 94111,*

This *19th* day of July 2019 , *10:30 a.m.* *U.S.A.*

before me *Cheryl Meril, notary public*

A Commissioner for Oaths or Notary Public or Justice of the Peace or solicitor or duly authorised officer.

| Endorsement to be completed by the court |
|---|
| This notice and the attached documents were filed |
| on the 22 July 2019 at 10.19 hours |

CHERYL MERIL
Commission No. 2164310
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm Expires OCTOBER 3, 2020

# Proposed administrator's statement and consent to act

| Name of Company | Company registered number |
|---|---|
| Atlantic Carbon Group Plc | 05315929 |

| In the High Court of Justice<br>Business and Property Courts of England and Wales<br>Insolvency and Companies List (ChD) | *For court use only*<br>Court case number |
|---|---|

This statement and consent to act is made in accordance with the requirements of rule 3.2 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and Schedule B1 of the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986). References in this statement to rules are, unless expressly provided otherwise, references to rules of the IR 2016.

1. I Alastair Paul Beveridge, one of the proposed administrators, certify that I am qualified to act as an insolvency practitioner in relation to the company. My insolvency practitioner number is as follows:

8991

The recognised professional body which is the source of my authorisation to act as an insolvency practitioner in relation to the company is as follows:

Insolvency Practitioners Association – IPA

2. I consent to act as administrator of the company.

3. I have not had a prior professional relationship with the company.

4. The proposed appointment is to be made by White Oak Global Advisors LLC, as Administrative Agent for the secured parties under the debenture between Atlantic Carbon Group Plc and White Oak Global Advisors LLC dated 27 May 2016.

5. I am of the opinion that the purpose of administration is reasonably likely to be achieved in this particular case.

Authenticated and dated by the proposed administrator

Dated:
22/07/19

# Proposed administrator's statement and consent to act

| Name of Company | Company registered number |
|---|---|
| Atlantic Carbon Group Plc | 05315929 |

| In the High Court of Justice<br>Business and Property Courts of England and Wales<br>Insolvency and Companies List (ChD) | *For court use only*<br>Court case number |
|---|---|

**This statement and consent to act is made in accordance with the requirements of rule 3.2 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and Schedule B1 of the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986). References in this statement to rules are, unless expressly provided otherwise, references to rules of the IR 2016.**

**1.** I Clare Laura Kennedy, one of the proposed administrators, certify that I am qualified to act as an insolvency practitioner in relation to the company. My insolvency practitioner number is as follows:

20590

The recognised professional body which is the source of my authorisation to act as an insolvency practitioner in relation to the company is as follows:

Insolvency Practitioners Association – IPA

**2.** I consent to act as administrator of the company.

**3.** I have not had a prior professional relationship with the company.

**4.** The proposed appointment is to be made by White Oak Global Advisors LLC, as Administrative Agent for the secured parties under the debenture between Atlantic Carbon Group Plc and White Oak Global Advisors LLC dated 27 May 2016.

**5.** I am of the opinion that the purpose of administration is reasonably likely to be achieved in this particular case.

Authenticated and dated by the proposed administrator

*Clare Kennedy*

Dated: 22/07/19

# Proposed administrator's statement and consent to act

| Name of Company | Company registered number |
|---|---|
| Atlantic Carbon Group Plc | 05315929 |

| In the High Court of Justice<br>Business and Property Courts of England and Wales<br>Insolvency and Companies List (ChD) | *For court use only*<br>Court case number |
|---|---|

**This statement and consent to act is made in accordance with the requirements of rule 3.2 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and Schedule B1 of the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986). References in this statement to rules are, unless expressly provided otherwise, references to rules of the IR 2016.**

**1.** I Simon Jonathan Appell, one of the proposed administrators, certify that I am qualified to act as an insolvency practitioner in relation to the company. My insolvency practitioner number is as follows:

9305

The recognised professional body which is the source of my authorisation to act as an insolvency practitioner in relation to the company is as follows:

Insolvency Practitioners Association – IPA

**2.** I consent to act as administrator of the company.

**3.** I have not had a prior professional relationship with the company.

**4.** The proposed appointment is to be made by White Oak Global Advisors LLC, as Administrative Agent for the secured parties under the debenture between Atlantic Carbon Group Plc and White Oak Global Advisors LLC dated 27 May 2016.

**5.** I am of the opinion that the purpose of administration is reasonably likely to be achieved in this particular case.

Authenticated and dated by the proposed administrator

Dated:    22/07/19

**ATLANTIC CARBON GROUP PLC (05315929) (the "Company")**

Minutes of a meeting of the board of directors of the above named Company
held on 21 July 2019 by telephone at 1:00pm UK time.
_____

| | |
|---|---|
| **Present:** | Peter Chinneck |
| | George Roskos |
| | Seth Schwartz |
| **In attendance:** | Dave McCarthy |
| | Ian Fox, Dentons UK & Middle East LLP |

**1    Chairman and quorum**

Seth Schwartz took the chair for the purposes of the meeting.  A quorum being present, the Chairman declared the meeting open.

**2    Purpose of the meeting**

The purpose was to determine whether it would be appropriate for the Company to invite White Oak Global Advisors LLC, in its capacity as Administrative Agent (**White Oak**) under a debenture dated 27 May 2016 between the Company and White Oak, to appoint administrators to the Company (the **Proposed Administration**).

**3    Declarations of interest**

Each of the directors declared that he or she had no interest, direct or indirect, in the Proposed Administration that he is required to disclose pursuant to section 177 of the Companies Act 2006.

**4    Default**

4.1    The directors noted that:

(a)    one or more Events of Default (as defined in the Loan and Security Agreement dated 27 May 2016 between, amongst others, Coal Contractors (1991) Inc and Luzerne Carbon Company LLC as Borrowers, the Company as Guarantor, the Lenders and White Oak (as amended from time to time) (the **Loan Agreement**)), had occurred and were continuing and/or had not been remedied;

(b)    on 19 July 2019 the Company had received a notice of acceleration of obligations and demand for payment on guaranty from White Oak under the Loan Agreement (the **Demand**);

(c)    in light of the Company's financial circumstances, the Company is unable to satisfy the Demand and accordingly is unable to meet its debts as they fall due.

**5    Invitation to appoint administrators**

5.1    It was recorded that, having regard to the terms of the debenture dated 27 May 2016 between the Company and White Oak (the **Debenture**), White Oak appeared to be the holder of a qualifying floating charge within the meaning of paragraph 14 of Schedule B1 to the Insolvency Act 1986 and, due to the Events of Default (as defined in the Loan Agreement) set out in the Demand, a debt was due to White Oak in accordance with the Demand and that the qualifying floating charge was enforceable by White Oak.

5.2    The directors considered the Company's financial circumstances and the interests of it and its creditors and a majority were of the opinion that administrators should be appointed to the Company as soon as possible. The directors considered their statutory duties and noted that given the current financial situation of the Company following the receipt of the Demand, their duties were to the company creditors as a whole. To this end, the directors noted that administration would likely be achieving a better result for the Company's creditors as a whole than if the Company were to be wound up or, that an administrator would likely be realising some of the assets of the company in order to make distributions to the secured and other preferential creditors.

5.3    The directors noted that to effect the appointment of administrators by themselves, a two-stage process would be required, whereby (1) a notice of intention to appoint administrators would be completed by the directors by way of a statutory declaration and then notified to White Oak, after which a period of up to five business days may elapse (unless White Oak consented to an earlier appointment) before (2) a notice of appointment of administrators could be completed by the directors by way of a further statutory declaration and filed at Court.

5.4    The directors further noted that White Oak was entitled to appoint administrators by completing a notice of appointment of administrators by way of a statutory declaration and filing the same at Court, without the requirement for any prior notice period or consent.

5.5    Accordingly, to avoid any delay to the appointment of administrators, the directors resolved that the Company should request White Oak to appoint immediately administrators pursuant to paragraph 14 of Schedule B1 to the Insolvency Act 1986 and the terms of the Debenture.

**6    Resolutions**

In view of the circumstances outlined by the Chairman above, IT WAS RESOLVED by a majority (Seth Schwartz and George Roskos voting in favour and Peter Chinneck against):

(a)    to invite White Oak to appoint immediately Clare Laura Kennedy, Simon Jonathan Appell and Alastair Paul Beveridge of AlixPartners Services UK LLP to act as joint administrators of the Company;

(b)    that administration of the Company would likely achieve the objectives set out in section 3(1)(b) or section 3(1)(c) of the Insolvency Act 1986 and would be in the best interests of the Company and its creditors as a whole for the Company to enter administration; and

(c)    that the Chairman be authorised to sign the minutes of the meeting and that any director has authority to sign all documents needed to give effect to the resolution in (a) above.

**7      Close**

There being no further business, the Chairman declared the meeting closed.

................................

Chairman

**EXHIBIT 3**

**Atlantic Carbon Group plc**
**Corporate Structure – April 30, 2019**

| | | |
|---|---|---|
| **Atlantic Carbon Group plc**<br>Incorporated in England and Wales - Registration Number 05315929<br>Directors -Seth Schwartz, Peter Chinneck, George Roskos III<br>Chairman & Chief Executive Officer - Seth Schwartz, Secretary/Treasurer - Heytesbury Corp LLP | | |
| owns 100% of | | |
| **Atlantic Carbon Group, Inc.**<br>**(formerly Coal Contractors (1991), Inc. and by merger dated Jan 1, 2019 Hazleton Shaft Corporation and Atlantic Carbon Group, LLC.)**<br>Delaware Corporation<br>Inc. date 10/22/1990<br>EIN 23-2623652<br>Director – Seth Schwartz<br>President – Seth Schwartz<br>Vice President – George Roskos III<br>Secretary/Treasurer – George Roskos III | **Newcastle Anthracite Company**<br>Delaware Corporation<br>Inc. date 02/05/2013<br>EIN 46-2001712<br>Director - Seth Schwartz<br>President - Seth Schwartz<br>Secretary/Treasurer - Bernard Corrigan | **The Central Pennsylvania Anthracite Company, LLC**<br>PA Limited Liability Company<br>Inc. date 01/18/2012<br>EIN 81-2694293<br>Manager - Seth Schwartz |
| owns 100% of | No operations | No operations |
| owns 50% of | **Atlantic Trucking LLC**<br>PA Limited Liability Company<br>Inc. date 05/21/2015<br>EIN 47-4053736<br>Manager - Seth Schwartz | |
| **Hazleton Hiller, LLC**<br>PA Limited Liability Company<br>Inc. date 08/05/2013<br>EIN 46-3348351<br>Manager - George M. Roskos, III<br>Manager - Martin H. Hiller<br><br>50% Owner - Three Winds, LLC<br>5321 Memorial Highway<br>Tampa, FL 33634 | No operations | |

Attested to by: _____

David McCarthy, Chief Financial Officer