**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re: : Chapter 15
:
Atlantic Carbon Group, Plc, : Case No. 19-12625 [SMB]
:
        Debtor in a Foreign Proceeding. :
:
-----------------------------------------------------------------x

**ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURES 2002
AND 9007 SCHEDULING RECOGNITION HEARING AND APPROVING FORM AND
<u>MANNER OF RELATED NOTICE</u>**

Upon the motion (the "<u>Motion</u>")[1] of the Foreign Representative of the Debtor for entry of an order (i) scheduling the Recognition Hearing on an expedited basis and (ii) approving the Notice and the Notice Procedures, and upon the Court's review of the Motion and all related filings and other submissions; the Court, after due deliberation, hereby FINDS AND DETERMINES that: (i) the Court has jurisdiction over this matter pursuant to 28 §§ U.S.C. 157 and 1334 and section 1501 of the Bankruptcy Code; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this district pursuant to 28 U.S.C. § 1410; (iv) due and proper notice of the Motion has been provided under the particular circumstances and no other or further notice need be provided; and (v) sufficient cause exists to shorten the notice period for, and schedule the Recognition Hearing on, an expedited basis; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

    1.    The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Motion.

2. The Recognition Hearing shall be held in front of the Honorable _____ on [August 29, 2019 at _____], in Room ___ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.

3. The Notice attached to this Order as **Exhibit 1** is hereby approved and the Foreign Representative shall serve copies of the Notice and the Petition (the "Service Papers") consistent with the Notice Procedures no later than the first business day following the date of the entry of this Order.

4. All responses or objections, if any, to the Service Papers shall be made in writing and shall set forth the basis therefore, and such responses or objections must be: (i) filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at www.nysb.uscourts.gov), and a hard copy of such response or objection to be sent to the Chambers of the Honorable _____ United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; and (ii) served upon Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: Andrew V. Tenzer), counsel to the Foreign Representative, so as to be received on or before 12:00 p.m. noon (prevailing New York time) on [August 26, 2019] (the "Objection Deadline").

5. To the extent applicable, all notice requirements of section 1514(c) of the Bankruptcy Code are hereby waived.

6.      Bankruptcy Rule 1010 does not apply to a petition seeking recognition of a foreign main proceeding and, accordingly, the summons requirement in Bankruptcy Rules 1010(a) and 1010(b) are inapplicable.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:   August \_\_\_\_, 2019

~~UNITED STATES BANKRUPTCY JUDGE~~

## MEMORANDUM ENDORSEMENT AND ORDER

The Court declines to sign this *ex parte* order to expedite the recognition hearing because the Foreign Representative has failed to show cause as required by Local Rule 9077-1(b). According to the application, the Debtor is a defendant in a civil action pending in the United States District Court in the Northern District of Ohio. "[D]iscovery is currently scheduled to commence on August 30, 2019," and the Foreign Representative "seeks to have the Recognition Hearing completed before the commencement of discovery in the" Ohio litigation. First, the "commencement of discovery" is vague and does not imply that the Debtor will suffer any prejudice if discovery commences and the recognition hearing is held on at least 21 days'-notice, as required under Federal Bankruptcy Rule 2002(q)(1), instead of the 15 days'-notice that the Foreign Representative is seeking through this order. Second, the Debtor's non-debtor U.S. affiliate is also a party to the Ohio litigation and will have to comply with any scheduling order entered by the District Court. Third, the issue of COMI is not as clear cut as the application implies. The Debtor appears to operate primarily through U.S. affiliates and the Court must determine COMI even in the absence of an objection. Hence, an evidentiary hearing may be necessary and is not likely to be completed before the commencement of discovery.

So ordered:   August 15, 2019

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge